861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne V. BIRD, Defendant-Appellant.
 No. 88-7002.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1988.
Decided Oct. 4, 1988.
 
 Dwayne V. Bird, appellant pro se.
 Thomas J. Ashcraft, Office of United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dwayne V. Bird appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion for post-conviction relief. We affirm.
 
 
 2
 In United States v. Bird, No. 86-7722 (4th Cir. Nov. 12, 1987) (unpublished), this Court considered an appeal brought by Bird from the district court's judgment dismissing his 28 U.S.C. Sec. 2255 motion. In that opinion we affirmed in part, vacated in part, and remanded for further proceedings on the claim of ineffective assistance of counsel due to counsel's alleged failure to file a direct appeal when requested to do so. On remand the district court appointed counsel to represent Bird and held an evidentiary hearing to resolve this issue. At the evidentiary hearing testimony was heard from Bird and from the attorney who represented him at his criminal trial. Bird testified that he instructed his trial attorney to file a notice of appeal shortly after his conviction. The trial attorney testified that he did not recall Bird telling him to file a notice of appeal but had Bird done so the attorney would have noted the appeal. At the conclusion of the hearing the district court made a factual finding, in part on the basis of the credibility of the testimony, that Bird did not request his counsel to appeal the case to the Court of Appeals.
 
 
 3
 Generally, we must accept findings of fact made by a district court after an evidentiary hearing unless upon review we are "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Findings of fact based upon credibility determinations are entitled to particular deference. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). We have carefully reviewed the transcript of the evidentiary hearing and conclude that the district court's finding is supported by the record and is not clearly erroneous. It follows, therefore, that if trial counsel was never requested to file a notice of appeal, he cannot be held ineffective for failing to do so. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.